# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1125

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| William C. Pugh, | * | [UNPUBLISHED] |
| | * | |
| Appellant, | * | |
| | * | |
| Nance Reeves, | * | |
| | * | |
| Garnishee. | * | |

_____

Submitted: August 7, 2003
Filed: September 3, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

As part of William Pugh's criminal sentence, he was ordered to make restitution to an insurance company. Pursuant to the Federal Debt Collection Procedures Act (FDCPA), the government applied for a writ of garnishment to collect on the restitution order, claiming that Pugh's "judgment debt was $1,130,977.54 in principal, plus interest, costs and pursuant to 28 U.S.C. § 3011, a surcharge of 10% of the total debt due." The magistrate judge issued the writ. Pugh objected to the

garnishment, disputing the debt and requesting a hearing. The magistrate judge summarily overruled his objection and denied his request for a hearing. Pugh appeals.

The government now moves to supplement the record on appeal: after obtaining the writ, the government learned that Pugh and others had made partial restitution payments of $725,827.56 directly to the victim insurance company. Because the district court had an incomplete picture of Pugh's restitution debt, we grant the government's motion to supplement. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (interest of justice required supplementing record on appeal where misrepresentations left district court with incomplete picture and prevented court from conducting full and fair analysis).

Under FDCPA, a judgment debtor may move to quash an enforcement order, like the garnishment at issue below. Upon the filing of such a motion, the district court must conduct a hearing as soon as practicable, but the issues at such a hearing are limited to the validity of any claim of exemption and the government's compliance with FDCPA's statutory requirements. See 28 U.S.C. § 3202(d).

Having carefully reviewed the record and the appellate submissions, and in light of the new information provided by the government, we conclude that the amount of restitution owed is in question. The magistrate judge erred in denying Pugh the hearing mandated by FDCPA. On remand, the hearing will be limited to what payments Pugh has made on the restitution debt, any exemptions to which he might be entitled, and the government's compliance with FDCPA; the hearing will not be an opportunity for Pugh to challenge the validity of the underlying conviction or restitution obligation.

Accordingly, we remand for further proceedings consistent with this opinion.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.